### 10325

### STATE v. BROWN.

(101 S. E. 847.)

1. CRIMINAL LAW—INSTRUCTION AS TO BENEFIT OF A DOUBT NOT ERRONEOUS IN VIEW OF OTHER INSTRUCTION.—In a prosecution for murder, resulting in conviction of manslaughter, instruction that in case of doubt as to whether defendant was guilty of murder or manslaughter, the jury should give him the benefit of the doubt, and find him guilty of something they were certain he was guilty of beyond a reasonable doubt, was not erroneous as requiring the jury to find guilt of some crime, murder, or manslaughter, in view of the following instruction that, if the State failed to convince of guilt beyond a reasonable doubt of any offense charged, the jury should acquit.

2. CRIMINAL LAW—INSTRUCTION IN SELF-DEFENSE NOT ERRONEOUS.— In a prosecution for murder, resulting in conviction of manslaughter, instruction that a prerequisite to sustain plea of self-defense was that there must have been no means of escape other than shooting *held* not erroneous in view of the charge elsewhere that, if a man of ordinary courage would have thought it necessary to shoot, the necessity was sufficient to justify plea of self-defense, etc.

3. CRIMINAL LAW—HARMLESS INSTRUCTION PREDICATING RIGHT TO ACQUITTAL ON REASONABLE DOUBT ARISING FROM DEFENDANT'S EVIDENCE ALONE.—In a prosecution for murder, resulting in conviction of manslaughter, instruction that, if "his evidence" in support of the plea of self-defense was sufficient to cause reasonable doubt of guilt, defendant was entitled to acquittal, *held* not reversible error in its improper substitution of "his" for "the" in speaking of the evidence.

4. CRIMINAL LAW—FULLER INSTRUCTION MUST BE REQUESTED.—If a clearer or fuller statement of the law was desired by defendant than an instruction gave, it was his duty to request it.

5. CRIMINAL LAW — STATUTES FORBIDDING SHOOTING INTO DWELLING HOUSE PROPERLY READ WHERE NOT IRRELEVANT.—In a prosecution for murder, resulting in conviction of manslaughter for having killed defendant, as the State's witnesses showed, when he was playing an organ in a dwelling house and came to the door and looked out, reading to the jury of a statute forbidding shooting into a dwelling house was not erroneous on any ground it was irrelevant and not responsive to the evidence.

6. HOMICIDE—IRRELEVANT INSTRUCTION ON RIGHT TO EJECT DEFENDANT HARMLESS.—In prosecution for murder, resulting in conviction of manslaughter, in the absence of evidence that defendant was ordered by decedent to leave the premises where the killing took place, or that any force was used to eject him, charge as to the right of one in possession of premises to eject a trespasser, though irrelevant, *held* not reversible error as to defendant, who was not prejudiced by any infringement of his right of self-defense.

7. HOMICIDE—ONE WHO PROVOKES DIFFICULTY HAS NO RIGHT OF SELF-DEFENSE.—The man who kills another must be without fault in provoking the difficulty, and if he is at fault the right of self-defense is not available.

Before TOWNSEND, J., Bamberg, Fall term, 1918. Affirmed.

Marion Brown was convicted of manslaughter, and appeals.

*Mr. W. D. Bennett,* for appellant, submits: *It was error to charge the jury the fourth prerequisite in that there must be no other means of escape. If there is any other means of escape the party must use that before shooting. If he can get away from there and save himself without shooting, he must do so:* — S. C. —; 103 S. C. 321; 90 S. C. 290; 89 S. C. 228; 43 A. C. 127, 130; 33 S. C. 582-595; 32 S. C. 27-24; 20 S. C. 201-236. *The trial Judge erred in instructing the jury that the defendant had to show by the preponderance of the evidence "that he was where he had a right to be" in order to make out his plea of self-defense:* 71 S. C. 146; 59 S. C. 297-305; 37 S. E. 923. *His Honor erred in requiring the accused by his evidence to raise in the mind of the jury a reasonable doubt as to whether or not he was guilty of a felonious shooting:* 69 S. C. 317; 29 S. C.

4; 6 S. E. 894; 33 S. C. 132; 11 S. E. 624. *An instruction to the jury upon an issue not supported by any testimony is improper:* 96 S. C. 74; 97 S. C. 424; 83 S. C. 530; 66 S. C. 18; 72 S. C. 162.

*Solicitor R. L. Gunter,* for State-respondent, submits: *It is the rule in this State in considering the charges of the Judges to take into consideration the whole of the charge, and not excerpts taken therefrom without giving the connection, and relation to the balance of the charge:* 95 S. C. 101; 83 S. C. 287; 84 S. C. 526; 86 S. C. 428.

January 26, 1920.

The opinion of the Court was delivered by Mr. JUSTICE FRASER.

The case contains the following statement:

"The defendant above named was charged with the murder of one Archie Mingo on the —— day of May, 1917, and was tried at the September term, 1918, of the Court of General Sessions for Bamberg county. A jury was impaneled, and, after hearing the testimony of the witnesses, arguments of counsel for the defendant and the State, and the charge of the presiding Judge, the jury returned a verdict of guilty of manslaughter, and the defendant was sentenced to serve seven years on the county chain gang or the State penitentiary at hard labor. In due time notice of appeal was given by the defendant's counsel on the grounds set forth therein."

Such facts as are necessary to understand the questions raised by this appeal will be stated in the treatment of the exceptions.

The original case contains three assignments of error that follow from the charge: "If you have any doubt as to whether he is guilty of murder or manslaughter, give him the benefit of that doubt, and find him guilty of something you are certain he is guilty of, beyond a reasonable doubt."

It is alleged that this charge requires the jury: (a) To find the defendant guilty of some crime; (b) to find the defendant guilty of murder or manslaughter; (c) that the charge did not allow the jury to acquit the defendant.

The statement complained of was followed immediately by the statement: "If the State has failed to convince you of his guilt beyond a reasonable doubt of any offense charged in the indictment, it would be your duty to find a verdict of not guilty."

The presiding Judge charged exactly what the appellant claims he should have charged, and these exceptions are overruled.

At the hearing of this case this Court allowed the appellant to supplement his case by filing six additional exceptions.

2. The fourth exception (additional) complains of error in the charge: "The fourth prerequisite (to sustain a plea of self-defense) is that there must be no other means of escape; if there is any other means of escape, the party must use that before shooting. If he can get away from there and save himself without shooting him, he must do so."

This exception cannot be sustained, because his Honor charged the jury clearly elsewhere that "If a man of ordinary courage and firmness would have thought it necessary to shoot, then that is a sufficient necessity to justify the party pleading self-defense in shooting, if the circumstances are such that a man of ordinary courage and firmness would have thought it necessary."

And again: "That there was an apparent necessity for him to shoot."

3. The fifth exception complains of "If *his evidence* is sufficient in support of that plea to cause a reasonable doubt in your mind as to whether or not he was guilty of a felonious killing or acted feloniously in shooting, then the defendant would be entitled to an acquittal."

The words of offense are "his evidence." The appellant contends that, if a reasonable doubt arises from all the evidence in the case, then the defendant is entitled to the benefit of that doubt. As a proposition of law, the contention is correct. The application is bad. If his Honor had said "the evidence" instead of "his evidence," there could have arisen no question. Was the substitution of "his" for "the" reversible error? Was the jury misled? We think not.

Bouvier's Law Dictionary: "Evidence is that which demonstrates, makes clear, or ascertains the truth of every fact or point in issue."

The defendant has the right to get all of his evidence from the State's witnesses, if he can, and every fact that supports the plea of the defendant, whether the fact comes from a witness put up by the State or the defendant, the evidence is the defendant's evidence, because it tends to support the plea of the defendant. If a clearer or fuller statement of the law was desired by the defendant, it was his duty to request it. It could not have misled the jury, as neither the defendant nor his learned counsel noticed until after this appeal had been perfected, and the question was allowed to be made only as a matter of grace.

4. The sixth and seventh exceptions complaint of error in reading to the jury the statute which forbids the shooting into a dwelling house, on the ground that it was irrelevant and not responsive to the evidence in the case. These exceptions overlook the testimony of the State's witnesses who denied that the deceased took any part in the quarrel; that the deceased was playing an organ in the dwelling house, and simply came to the door and looked out, when the defendant shot at the house; that the shot went between the logs of which the house was built, and killed him while still within the dwelling house. There is no error here, and these exceptions are overruled.

5. The eighth and ninth exceptions complaint of error in that his Honor charged the jury as to the right of one in

possession of premises to eject a trespasser from his yard that surrounds his dwelling house. In substance, his 6, 7 Honor charged the jury that one in possession of a house and lot has the right to command a trespasser to leave his premises, and, if the trespasser does not leave, then he had the right to put his hand on him gently and in force, if necessary, to eject him. There was no evidence that the defendant was ordered to leave the premises, or that any force was used to eject him. While the charge was irrelevant, it is not reversible on motion of the appellant, unless he was prejudiced thereby. It might well have been inferred by the jury that the appellant's right of self-defense was available to him until he was ordered to leave and moderate force was used to eject him. There being no evidence of either, then the natural inference was that the appellant was still clothed with the right of self-defense. The law is that the man who kills another must be without fault in provoking the difficulty, and, if he is at fault in provoking the difficulty, then the right of self-defense is not available. If the jury believed that under the circumstances the appellant was at fault in going on the premises of those with whom he had had a previous difficulty that same afternoon, then he was not without fault in provoking the difficulty, whether he was ordered to leave or any force was used to eject him.

There is no error here that is reversible on the motion of the appellant.

The judgment is affirmed.